IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF JOHNSON ROOFING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC TECH CONSTRUCTION, INC.; WESTCHESTER FIRE INSURANCE CO.; and FEDERAL INSURANCE COMPANY, <br><br> Defendants. | Case No. CIV-13-1220-C |

## MEMORANDUM OPINION AND ORDER

Sauer, Inc., was hired to perform work at Tinker Air Force Base. Sauer entered into a subcontract with Defendant Pacific Tech Construction, Inc., to perform a portion of the work. Pacific Tech in turn subcontracted with Plaintiff Johnson Roofing, Inc. Believing that Pacific Tech failed to properly perform under the terms of the parties' agreement, Plaintiff brought this action alleging breach of contract and quantum meruit. Pacific Tech in turn filed a Counterclaim alleging claims for "cost of repairing defective work" and overpayment. (Defs.' First Amend. Answer and Countercl., Dkt. No. 25, at 12.) Arguing that the Counterclaim fails to state a claim, Plaintiff filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff argues that Defendant has failed to state a claim, as neither of its claims are recognized causes of action and, accordingly, it cannot prepare an effective response. The Court finds that the Counterclaim sets forth factual assertions regarding the history of the

parties' interactions and the factual basis on which Defendant believes Plaintiff is liable. While the Counterclaim certainly could have been more artfully drafted, the assertions are adequate to fairly apprise Plaintiff of the nature of Defendant's claims, the facts on which they are based, and each makes a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Therefore, the Counterclaim raises factually supported claims which, if proven, would entitle Defendant to relief. Plaintiff's Motion to Dismiss will be denied.

As an alternative argument, Plaintiff asserts the Counterclaim is not permitted under the terms of the parties' agreement. According to Plaintiff, the relationship between the parties was terminated for "convenience" and not default. Plaintiff asserts that the "Termination for Convenience" clause of the parties' contract bars any claim Defendant may raise against it. When read as a whole, the agreement between the parties does not limit Defendant's right to recover as argued by Plaintiff. Consequently, that portion of Plaintiff's argument will also be denied.

For the reasons set forth herein, Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt. No. 27) is DENIED.

IT IS SO ORDERED this 4th day of August, 2014.

ROBIN J. CAUTHRON
United States District Judge